IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               No. CV 14-0674 JH/WPL
                                                   CR 12-1233 JH

SANDRA RIVAS,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Petition to Run Sentences Concurrent (CR Doc. 56); Motion to Recommend Placement into Halfway House And/Or Home Detention (CR Doc. 57); and, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 58). The Court will dismiss the § 2255 motion and deny the other motion and petition.

Defendant's Petition to Run Sentences Concurrent and her § 2255 motion seek the same relief, namely, that the Court modify the criminal judgment to make her sentences concurrent rather than consecutive. As grounds for the petition and the motion, Defendant asks the Court to show mercy and consider her post-conviction rehabilitation efforts.

Because the Court may not modify a sentence without statutory authorization, *see United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006), the petition must be denied for failure to provide adequate grounds for sentence modification. And because relief is available under § 2255 only upon a showing that Defendant's sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

sentence, or that the sentence was in excess of the maximum authorized by law," § 2255(a); *see also United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006), the Court must dismiss the § 2255 motion. The denial of Defendant's petition and dismissal of the § 2255 motion are without prejudice to Defendant's right to seek relief under § 2241 in the district where she is confined. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Frey v. Adams County Ct. Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008); *see United States v. Buck*, No. 99-2129, 1999 WL 811685, at \*\*2 (10th Cir. Oct. 12, 1999). At this time the Court also declines to revise its original recommendation for Defendant's placement.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines *sua sponte* that Defendant's § 2255 motion fails to make a substantial showing that she has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Petition to Run Sentences Concurrent (CR Doc. 56) is DENIED without prejudice; the Motion to Recommend Placement into Halfway House And/Or Home Detention (CR Doc. 57) is DENIED at this time; the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 58) is DISMISSED without prejudice; a certificate of appealability as to the § 2255 motion is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE